IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| GLORIA JERNIGAN,<br><br>                Plaintiff,<br><br>– against–<br><br>RAUSCH STURM LLP,<br><br>                Defendant. | Case No. _____<br><br><br>**COMPLAINT** |

Plaintiff, Gloria Jernigan (hereinafter "Plaintiff"), by and through her attorneys, the Law Offices of Robert S. Gitmeid & Associates, PLLC ("Gitmeid"), complaining of the Defendant, Rausch Sturm LLP ("Rausch Sturm"), alleges as follows:

1. This is an action for damages brought by an individual consumer for Defendant's violation of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, et seq. ("FDCPA"). The FDCPA prohibits debt collectors and debt buyers from engaging in abusive, deceptive, and unfair collection practices.

**PARTIES**

2. Plaintiff is an adult citizen of Desoto, Dallas County, Texas.

3. Plaintiff is a consumer as defined by 15 U.S.C. § 1692a(3) of the FDCPA.

4. Defendant Rausch Sturm is a company headquartered at 250 N. Sunnyslope Road, Suite 300, Brookfield, WI 53005.

5. Defendant is a "debt collector[s]" as defined by 15 U.S.C. §1692a(6).

## JURISDICTION AND VENUE

6. This Court has subject matter jurisdiction under 28 U.S.C. § 1331. The Court has supplemental jurisdiction for any state claims contained within under 28 U.S.C. § 1367.

7. The Court's exercise of personal jurisdiction over Defendant is valid because a substantial part of the events and omissions giving rise to Plaintiff's claim occurred within this Court's jurisdiction.

8. Venue in this District is proper pursuant to 28 U.S.C. § 1391(b)(2) because a substantial part of the events and omissions giving rise to Plaintiff's claims occurred in Dallas County, Texas.

## FACTUAL ALLEGATIONS

9. On or about February 20, 2019, Plaintiff entered into a settlement agreement with Zwicker & Associates, P.C. ("Zwicker") to settle and close Plaintiff's Synchrony Bank ("Synchrony") account ending in 9743.

10. Pursuant to the settlement agreement, Plaintiff was required to make twenty-four (24) payments totaling $7,207.09. A copy of the settlement agreement is attached hereto as **Exhibit A**.

11. The first twenty-three (23) payments cleared and posted per the terms of the settlement agreement. Proof of these payments is attached hereto as **Exhibit B**.

12. On February 3, 2021, Plaintiff's debt settlement representative called Zwicker to inquire as to the uncollected December 2020 settlement payment. Zwicker advised that they no longer represented Synchrony and the account was no longer with their office.

13. On February 8, 2021, Plaintiff's representative sent a payment spreadsheet to Synchrony that included the final settlement payment of $300.00.

14. On March 7, 2022, Plaintiff's representative contacted Synchrony and explained the history of the account. They requested that Synchrony review the number of payments made and that Synchrony resubmit the final payment of $300.00 to complete the settlement.

15. Between March 14, 2022, and April 18, 2022, Plaintiff's representative followed up with Synchrony approximately four times but received no response.

16. On April 20, 2022, Plaintiff's representative again requested that Synchrony review the number of payments made, and that Synchrony resubmit the final payment of $300.00 to complete the settlement.

17. On May 2, 2022, Synchrony advised that the account had been placed with Rausch Sturm. Rausch Sturm stated they were unable to discuss the account as it was under review.

18. On June 15, 2022, Rausch Sturm again stated they could not yet discuss the account.

19. On July 19, 2022, July 21, 2022, and July 22, 2022, Plaintiff's representative called Rausch Sturm to discuss the account. Rausch Sturm consistently refused to discuss the account stating that it was still being reviewed.

20. On October 25, 2022, Gitmeid spoke with Rausch Sturm and emailed a summary of the account and supporting documentation to an attorney at Rausch Sturm.

21. Since that date, Gitmeid has been in active email communication with Rausch Sturm.

22. On or about March 8, 2023, Gitmeid delivered a letter to Rausch Sturm outlining the facts and history of the account and requesting further discussion. A copy of said letter is attached hereto as **Exhibit C**.

23. On or about April 10, 2023, Gitmeid delivered a second letter to Rausch Sturm outlining the facts and history of the account and requesting further discussion. A copy of said letter is attached hereto as **Exhibit D**.

24. To date, Rausch Sturm has continually refused to reinstate the settlement agreement, instead stating that the account was still being reviewed.

25. At all times pertinent hereto, Defendant acted through its agents, servants and/or employees, who were acting within the scope and course of their employment, and under the direct supervision and control of Defendant herein.

26. At all times pertinent hereto, the conduct of Defendant, as well as that of its agents, servants and/or employees, was malicious, intentional, willful, reckless, negligent and in wanton disregard for federal law and Plaintiff's rights.

## **VIOLATION OF THE FDCPA**

27. Plaintiff reasserts and incorporates herein by reference all facts and allegations set forth above.

28. The above contacts between Rausch Sturm and Plaintiff constitute "communications" relating to a "debt" as defined by 15 U.S.C. §§ 1692a(2) and 1692a(5) of the FDCPA.

29. FDCPA 15 U.S.C. § 1692(f) prohibits the use of unfair or unconscionable practices to collect a debt, including collection of any amount not authorized by the contract or law. FDCPA 15 U.S.C. § 1692e(2)(a) prohibits the false representation of the character, amount or legal status of any debt. FDCPA 15 U.S.C. § 1692e(10) prohibits any false, misleading, or deceptive representation or means in connection with the collection of a debt.

30. Rausch Sturm engaged in abusive, deceptive, and unfair collection practices where Rausch Sturm failed to honor the valid settlement agreement made between Plaintiff and Synchrony's agent, Zwicker.

31. Rausch Sturm violated the above provisions where Rausch Sturm unfairly prevented Plaintiff from making the final settlement payment.

32. Rausch Sturm knew or should have known that its actions violated the FDCPA. Additionally, Rausch Sturm could have taken the steps necessary to bring its actions within compliance of the FDCPA but neglected to do so and failed to adequately review its actions to ensure compliance with said laws.

33. As a result of the above violations of the FDCPA, Rausch Sturm is liable to Plaintiff for actual damages, statutory damages, attorney's fees, and costs.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff, Gloria Jernigan, demands that judgment be entered against Defendant as follows:

1) That judgment be entered against Defendant Rausch Sturm for actual damages pursuant to 15 U.S.C. § 1692k(a)(1);

2) That judgment be entered against Defendant Rausch Sturm for statutory damages pursuant to 15 U.S.C. § 1692k(a)(2)(A);

3) That the Court award costs and reasonable attorney's fees pursuant to 15 U.S.C. § 1962k(a)(3); and

4) That the Court grant such other and further relief as may be just and proper.

## JURY DEMANDED

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Plaintiff demands a trial by jury in this action of all issues so triable.

Dated: May 4, 2023

Respectfully Submitted,

Thomas J. Bellinder, Esq.
Managing Attorney
Law Offices of Robert S. Gitmeid & Assoc., PLLC
180 Maiden Lane
27th Floor
New York, NY 10038
Tel: (212) 226-5081
Fax: (212) 208-2591
thomas.b@gitmeidlaw.com